Albert Howland *vs.* Irving H. Crocker & others.

The demandant in a real action may introduce in evidence, in support of his title, a deed which has been recorded since the date of his writ, if no intervening title is relied on by the tenant.

Evidence is inadmissible to show that a piece of land was formerly called and known, by strangers to the title, as the "Barney Crocker lot," for the purpose of showing that the lot was reputed to be Crocker's, and thus establishing a title by adverse possession.

Writ of entry to recover possession of a piece of woodland.

At the trial in the superior court, before *Russell,* J., the demandant was allowed, under objection, to introduce in support of his title the assignment of a mortgage, which was not recorded until after the date of his writ. The tenants did not claim under any recent deed, but relied upon a title by adverse possession, for a period of seventy years, by their grandfather, Barnabas Crocker, and their father of the same name; and in connection with other evidence they offered to show that, during the lifetime of their said grandfather, the premises were called and known as the "Barney Crocker lot," for the purpose of showing that the title was reputed to be in him. The tenants did not offer to show that the lot was so called by any one under whom either they or the demandant claimed title; and the judge excluded the evidence.

The jury returned a verdict for the demandant, and the tenants alleged exceptions.

*H. A. Scudder*, for the tenants.

*G. Marston*, for the demandant.

DEWEY, J. 1. No legal objection existed to the introduction of the assignment of the mortgage, on the ground that it had not been recorded in the registry of deeds until after the date of the demandant's writ. Where no adverse title has intervened, a deed may be recorded at any time before the trial of the case in which it is to be used as evidence. In the present case no such intervening title was relied upon, and the time of making the record was immaterial. *Tyler* v. *Hammond*, 11 Pick. 193.

2. The remaining objection is, that the court erred in the exclusion of evidence to show that, during the life of Barnabas Crocker, under whom the tenants sought to establish their title, and who was said to have had for a time the use and occupation of the land, the disputed premises were called the "Barney Crocker lot," and known by that name, for the purpose of showing that the title was reputed to be in him. The authority for such testimony is supposed to be found in the case of *Green* v. *Chelsea*, 24 Pick. 80. But the evidence admitted in that case referred solely to the reputed name of the place, the court rejecting all evidence that it was reputed to be the property of the tenants. Here the declared purpose of the proposed evidence was to establish a title to the premises by reputation, and not merely to prove a name by which it was called. This, to some extent, distinguishes the cases. But that case is hardly an authority at all upon this point. The court admitted the evidence, but in the further progress of the case the party objecting to its admission had no occasion to raise the question as to its competency, as, upon the merits of the whole case, the presiding judge ruled in his favor; and the remarks of the court in the final opinion decide only that in admitting this evidence he went far enough, without affirming that the admission of the evidence was proper.

We think the ruling in the present case upon this point was correct. *Exceptions overruled.*